[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

_____

No. 09-15509
Non-Argument Calendar

_____

D. C. Docket No. 05-00142-CV-WLS-1

DR. BARBARA BRYANT,

Plaintiff-Appellant,

versus

DOUGHERTY COUNTY SCHOOL SYSTEM,
SALLY WHATLEY,
Individually and in her official
capacity as Superintendent of the
Dougherty County School System,
TOM HORTON,
Individually and in his former
official capacity as Executive
Director of Curriculum Instruction
Student Support Services for the
Dougherty County School System,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 15, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

In this employment discrimination suit, Barbara Bryant appeals the district court's across-the-board grant of summary judgment in favor of the Dougherty County School System, its Superintendent and others (collectively the "School System"). In her brief, she only challenges the court's denial of her claims of race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), and 42 U.S.C. §§ 1981 and 1983. We find no merit in her appeal and accordingly affirm the district court's judgment.[1]

Bryant's claims of race and gender discrimination stemmed from her successive applications for four Federal Program Director positions with the

---

[1] We make no further reference to Bryant's § 1983 claims, since the merits of those claims against the individual defendants sued in their individual capacities are the same as the merits of the claims against them under the § 1981. The individual defendants were not amenable to suit under Title VII, so the court dismissed the Title VII claims brought against them. Bryant does not take issue with the court's ruling.

School System: (1) Federal Programs Director ("FP Director"); (2) Federal Programs Coordinator, which was initially advertised within the school system only ("FP Coordinator Internal"); (3) Federal Programs Coordinator, which was the second position re-advertised outside the school system (as well as internally) ("FP Coordinator External"); and (4) FP/SI Director. According to the district court, the record conclusively established that the first three positions were not substantially similar to the fourth position because the fourth position "included the added responsibilities of School Improvement."

The court held that Bryant failed to establish a *prima facie* case of discrimination as a result of her not receiving any of the first three positions because the record showed that none of those positions was ever filled. Bryant did establish a *prima facie* case, however, with respect to the fourth position, FP/SI Director. A committee interviewed the applicants for that position, including Bryant, but recommended that the position be awarded to Robert Youngblood, who was qualified for the position and received the most votes. The School System articulated legitimate non-discriminatory reasons for that employment decision, which the court, in granting summary judgment, found to be undisputed. The court granted the School System summary judgment on Bryant's retaliation claim—the School System refused to let her train Youngblood after she filed her EEOC

3

claim—under Title VII and § 1981, on the ground that she failed to make out a *prima facie* case.

In her brief on appeal, Bryant first contends that the district court erred in denying her Title VII and § 1981 discrimination claims because she established a jury issue as to whether the School System's proffered legitimate, non-discriminatory reasons for not promoting her were pretextual. Next, she contends that the court erred in concluding that she failed to establish a *prima facie* case of retaliation.

"We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). The district court's factual findings, however, warrant review for clear error only. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). Additionally, "[w]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Summary judgment requires that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c)(2). If the movant satisfies the burden of production showing that there is no genuine issue of fact, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Shiver*, 549 F.3d at 1343 (quotation omitted). In assessing the parties' proffers under the rule, we, like the district court, view the evidence in the light most congenial to the nonmoving party. *Id.* Nevertheless, the non-moving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is "merely colorable" or "not significantly probative." *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *see also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial.").

As to Bryant's discrimination claims, Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). When a plaintiff brings the same discrimination claim pursuant to Title VII and §§ 1981 and 1983, the analysis on the merits of the claim is the same. *Brown v. Ala. Dep't*

5

*of Transp.*, 597 F.3d 1160, 1174, n.6 (11th Cir. 2010).

"A plaintiff bears the burden of establishing a *prima facie* case of discrimination in Title VII cases that are supported by circumstantial evidence." *Id.* at 1174. "In the failure-to-promote context, the *prima facie* case consists of showing these elements: (1) that the plaintiff belongs to a protected class; (2) that she applied for and was qualified for a promotion; (3) that she was rejected despite her qualifications; and (4) that other equally or less-qualified employees outside her class were promoted." *Id.* Under the governing framework laid out in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973), "[i]f a plaintiff makes the requisite showing, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* "[I]f the employer articulates one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." *Id.* (quotation and alteration omitted).

The plaintiff may demonstrate pretext "by revealing such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the employer's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt.*

6

*Group Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quotation omitted). "However, a reason is not pretext for discrimination unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Id.* at 1349 (quotation omitted).

As to a claim of retaliation, the *prima facie* case for a Title VII or § 1981 retaliation claim requires the plaintiff to show that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) she established a causal link between the protected activity and the adverse action. *Bryant v. Jones*, 575 F.3d 1281, 1307-08 (11th Cir. 2009), *cert. denied*, (U.S. Feb. 22, 2010) (No. 09-743).

With these principles in mind, we turn first to Bryant's discrimination claim, then to her retaliation claim.

As noted above, Bryant's failure to obtain any of the first three positions could not have been discriminatory because the positions were not filled. Bryant made out a *prima facie* case of discrimination as to the fourth position, FP/SI Director, and, as the district court stated, the School System articulated two legitimate, non-discriminatory reasons for not giving her the position.

> First, [the School System] contend[s] that Plaintiff was not promoted . . . because Plaintiff was not recommended by the interview committee tasked with recommending candidates. Defendants' second proffered legitimate, nondiscriminatory reason is that the chosen candidate,

7

Youngblood, was more qualified than Plaintiff. . . . [The School System] posit[s] that Youngblood was the most qualified candidate for the position because he received the most recommendations from the interview committee.

We are satisfied that those are legitimate, non-discriminatory reasons for the employment decision. Bryant, however, as the district court correctly determined, failed to establish a jury issue as to whether those reasons were a pretext for discrimination. Summary judgment on the discrimination claims was therefor appropriate.

Bryant finds pretext in the letter the School System sent her, notifying her that she had not been chosen for the FP/SI Director but not explaining why. The district court was not persuaded:

> [T]he purpose of the rejection letter was merely to notify Plaintiff that she was not selected for the . . . position and that another candidate was selected. Therefore, Defendants' failure to include any explanation in the rejection letter for their reasons not to promote Plaintiff is not pretextual. Additionally, Plaintiff has made no showing that such an explanation was required or was an existing policy or practice of [the school system].

The record fully supports the court's statement. The letter did not yield pretext.

Regarding Bryant's retaliation claim, the court concluded, with the statement we quote below, that Bryant failed to make out a *prima facie* claim of retaliation because she did not establish that any of the individual defendants were aware of

8

her EEOC complaint at the time they allegedly disallowed her to train

Youngblood.

> After searching the record, the scant evidence the Court could find to support Plaintiff's retaliation claim was Plaintiff's affidavit filed with her brief . . . . This evidence fail[ed] to establish [the individual defendants'] knowledge of the filing of her EEOC charge: the statement [concerning these defendants' refusal to allow Bryant to train Youngblood] does not even mention the EEOC charge, let alone allege that [the individual d]efendants were aware that the EEOC charge had been filed. [Consequently, Bryant] failed to establish the 'causal link' required in her prima facie case.

We find no issue of fact for the jury regarding Bryant's retaliation

claim.  Summary judgment was accordingly in order.

AFFIRMED.