[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11851
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:07-cv-02191-RDP

GEORGE L. CAIN,

                                        Plaintiff-Appellant,

versus

JOHN M. MCHUGH,
Secretary, Department of the Army,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 27, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

George Cain appeals the district court's grant of summary judgment in favor of the United States Army (Army) as to his race and gender discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-16. Cain, an African-American, asserts the district court erred in granting summary judgment as to his claims that the Army improperly refused to promote him in May 2005 on the basis of his race and gender. Additionally, he contends the district court erred in granting summary judgment on his claim that the Army did not select him for the position in retaliation for filing a complaint with the Equal Employment Opportunity Commission (EEOC). We address each issue in turn, and affirm the district court.[1]

I.

Title VII states, in part, that personnel actions affecting federal employees "shall be made free from any discrimination based on race [or] sex . . . ." 42 U.S.C. § 2000e-16(a). "A plaintiff bears the burden of establishing a *prima facie* case of discrimination in Title VII cases that are supported by circumstantial evidence." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010). "In the

---

[1]We review the granting of summary judgment de novo, and the district court's findings of fact for clear error. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). Summary judgment requires that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We draw "all factual inferences in a light most favorable to the non-moving party." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

failure-to-promote context, the *prima facie* case consist of showing these elements: (1) that [he] belongs to a protected class; (2) that [he] applied for and was qualified for a promotion; (3) that [he] was rejected despite [his] qualifications; and (4) that other equally or less-qualified employees outside [his] class were promoted." *Id.*

Under the governing framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), if a plaintiff establishes a prima facie case of discrimination, "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010). "[I]f the employer articulates one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." *Id.* (quotation and alteration omitted).

When dealing with a refusal to promote, "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the person who received the position he coveted." *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (quotation and alteration omitted). Instead, a plaintiff must show that a refusal to promote was in fact motivated by race or gender. *Id.* A discriminatory motive cannot be shown unless the disparity in

3

qualifications was "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Id.*

Assuming Cain established a prima facie case for race and gender discrimination, we turn to the question of whether the Army selecting official, Sara Matala, proffered pretextual reasons for hiring another applicant, Peggy East, for the position of Program Analyst. *See Brown*, 597 F.3d at 1174. Matala stated she selected East, a white female, over Cain because East's resume cited specific examples of her work performance and reflected substantial experience dealing with a civilian workforce, while Cain's resume did not cite specific examples and reflected experience only in the military arena. Although Cain attempted to show pretext by arguing that he was much more qualified for the position than East, the record shows that a neutral hiring panel ranked Cain only minimally above East. A comparison of their credentials does not reflect a disparity "of such weight and significance that no reasonable person, in the exercise of impartial judgment," could have chosen East over Cain. *See Springer*, 509 F.3d at 1348. Further, the record is devoid of any facts indicating that race or gender played a role in the final decision. Because Cain failed to show a genuine issue of material fact as to whether the Army's proffered legitimate, non-discriminatory reasons for not promoting him were pretexts for race

4

and gender discrimination, the district court did not err in granting summary judgment in favor of the Army.

## II.

Section 2000e-3(a) of Title VII prohibits any private employer from retaliating against any employee for opposing an unlawful employment practice, such as race or gender discrimination. 42 U.S.C. § 2000e-3(a). We have held that retaliation under § 2000e-3(a) falls within the discriminatory practices prohibited by § 2000e-16. *Porter v. Adams*, 639 F.2d 273, 277-78 (5th Cir. March 1981). To establish a *prima facie* case of retaliation, a plaintiff must show that "[1] he engaged in statutorily protected activity, [2] he suffered a materially adverse action, and [3] there was some causal relation between the two events." *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008) (quotation omitted).

A plaintiff may prove causal relation by showing "close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal proximity, without more, must be very close. A three to four month disparity . . . is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (quotation and citations omitted).

Cain relies only on the close temporal proximity between his first EEOC complaint against Matala and his subsequent non-promotion to prove retaliation.

5

Cain failed to prove the third prong of his prima facie retaliation claim because the record shows more than three months passed between the two events, an insufficient time period to create a causal link under our current precedent. *See Thomas*, 506 F.3d at 1364. Moreover, even if Cain established a causal link, he failed to show that Matala's reasons for not promoting him were pretextual. Accordingly, we conclude the district court did not err in granting summary judgment in favor of the Army.

**AFFIRMED.**