[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2010
JOHN LEY
ACTING CLERK

No. 08-14991

_____

D. C. Docket No. 06-02274-CV-AR-S


BRENDA ROBINSON,

Plaintiff-Appellant,

versus

TYSON FOODS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 5, 2010)

Before MARCUS, FAY and ANDERSON, Circuit Judges.

FAY, Circuit Judge:

While in the midst of a Chapter 13 bankruptcy plan, plaintiff-appellant

Brenda Robinson brought an employment discrimination claim against her former

employer, defendant-appellee Tyson Foods. The district court granted summary

judgment for Tyson Foods on the threshold issue of judicial estoppel. The court

reasoned that because Robinson failed to disclose her employment discrimination suit to the bankruptcy court, she had taken inconsistent positions under oath with the intent of misleading the court. Robinson contends that she did not take inconsistent positions under oath because she did not have a continuing duty to disclose changes in her asset schedule. Additionally, Robinson claims she had no reason to mislead the court as she paid off her debt in full. We hold that judicial estoppel was appropriate and affirm the district court's grant of summary judgment.

## I. FACTS AND PROCEEDING BELOW:

There are two interlaced events in this case; a bankruptcy proceeding and an employment discrimination claim. In April 2002, Brenda Robinson voluntarily dismissed her Chapter 13 case because her payments increased to a rate "beyond her ability to pay," and filed a second Chapter 13 bankruptcy proceeding. The second bankruptcy plan proposed complete repayment to both secured and unsecured creditors over a period of sixty months. A bankruptcy judge confirmed the plan in May 2002, stating, in relevant part, that "the property of the estate shall not vest in the Debtor until a discharge is granted under § 1328 or the case is dismissed."[1]

---

[1] § 1328 refers to 11 U.S.C. § 1328, which outlines the requirements for discharge.

In September 2005, Robinson resigned her employment with Tyson Foods ("Tyson"). In her letter of resignation, Robinson claimed that she had been subjected to "harassment, racial abuse and intimidation." In October 2006, Robinson brought a civil suit against Tyson, alleging unlawful employment practices and mistreatment on the basis of race severe enough to constitute constructive termination.[2] Robinson sought compensatory, punitive and liquidated damages.

In May 2007, one of Robinson's creditors moved for a dismissal of her bankruptcy plan because her payments were delinquent, resulting in a material default. Before the hearing, Robinson brought her payments current and the motion was withdrawn. Two months later in July of 2007, Robinson completed her bankruptcy plan, repaying all of her debts and receiving a full discharge from bankruptcy.

In preparation for her employment discrimination suit, Tyson took Robinson's deposition in September 2007. During the deposition, Robinson revealed that she had not disclosed her suit against Tyson to the bankruptcy court. The deposition also revealed that following her husband's death in 1997, Robinson

---

[2] Robinson brought her claim under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and multiple Alabama state law provisions. 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981.

3

filed a worker's compensation claim against his employer, Drummond Coal. The claim was still pending when Robinson declared bankruptcy in April 2002. However, Robinson failed to list the claim anywhere on her bankruptcy schedules. When asked whether she had any suits or administrative proceedings pending, Robinson checked "NONE" on the schedule disclosure forms.

Due to her failure to disclose her claim against Tyson to the bankruptcy court, Tyson contended that Robinson was precluded from pursuing her suit on the basis of judicial estoppel. Tyson argued that Robinson's non-disclosure constituted inconsistent positions under oath that were calculated to make a mockery of the judicial system. The district court agreed and granted summary judgment for Tyson. This appeal followed. The only issue on appeal is whether the district court abused its discretion in applying judicial estoppel.

## II. STANDARDS OF REVIEW

Generally, we review the granting of summary judgment *de novo*, and the district court's findings of fact for clear error. *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th Cir. 2001). However, we review the district court's application of judicial estoppel for abuse of discretion. *Talavera v. School Bd. of Palm Beach County*, 129 F.3d 1214, 1216 (11th Cir. 1997). As this case is decided upon the theory of judicial estoppel, the applicable standard of review is

abuse of discretion, with the finding of facts held to clear error. An abuse of discretion review requires us to "affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*).

## III. DISCUSSION

The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment. *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S. Ct. 1808, 1814 (2001). Specifically, judicial estoppel is designed to "prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous preceding." 18 Moore's Federal Practice § 134.30 (3d ed. 2008). In *New Hampshire v. Maine,* the Supreme Court recognized that while the circumstances under which a court might invoke judicial estoppel will vary, three factors typically inform the decision: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead and; (3) whether the party advancing the inconsistent position would derive an unfair advantage. *Id*. at 750-51, 1815-16.

The seminal case in the Eleventh Circuit on the theory of judicial estoppel is *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002). Incorporating the standards enumerated by the Supreme Court, *Burnes* outlined two primary factors for establishing the bar of judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id*. at 1285. *Burnes* recognized that these factors are not exhaustive; rather, courts must always give due consideration to the circumstances of the particular case. *See id*.

### A. Duty to Disclose

Robinson took inconsistent positions under oath only if she had a continuing duty to disclose changes in her bankruptcy asset schedule. Robinson contends that as a Chapter 13 debtor, she did not have a continuing duty to disclose her assets to the bankruptcy court. We disagree.

Our court has emphasized the importance of full and honest disclosure in bankruptcy proceedings, stating that it is "crucial" to the system's "effective functioning." *Id.* A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court. 11 U.S.C. §§521(1), 541(a)(7). "The duty to disclose is a continuing one that does not

end once the forms are submitted to the bankruptcy court; rather the debtor must amend [her] financial statements if circumstances change." *Burnes*, 291 F.3d at 1286. This duty applies to proceedings under Chapter 13 and Chapter 7 alike because "any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies." *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003).

Robinson argues that our current case law mandating a continuing statutory duty to disclose can be traced back to dicta in *Burnes* and incorrectly perpetuated as law by subsequent cases. However, even if the reasoning in *Burnes* is dicta, it became the law of this circuit in the holdings of *De Leon v. Comcar Industries*, *Ajaka v. BrooksAmerica Mortgage Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) and *Waldron v. Brown*, 536 F.3d 1239, 1244 (11th Cir. 2008) (all of which are Chapter 13 bankruptcy cases citing *Burnes* for the proposition that "the duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [her] financial statements if circumstances change"). Therefore, under the established law of this circuit, a Chapter 13 debtor has a statutory duty to disclose changes in assets.

The law is clear that "[u]nder the prior precedent rule, we are bound to

7

follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam). As noted above, this circuit's precedent holds that a Chapter 13 debtor has a statutory duty to amend her financial schedule to reflect her current assets. As such, we hold that Robinson had a statutory duty to amend her schedule of assets to reflect her claims against Tyson.

In addition to the general statutory duty, in this case there was a court ordered duty to disclose additional assets. The bankruptcy court's order specifically states that, "the property of the estate shall not vest in the Debtor until a discharge is granted under § 1328 or the case is dismissed." Therefore, all qualified property acquired by Robinson during the pendency her bankruptcy belonged to her bankruptcy estate and not her personally.

It is undisputed that a pending lawsuit seeking monetary compensation qualifies as an asset. *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268 (11th Cir. 2004). It is also undisputed that such an asset qualifies as property of the bankruptcy estate. §11 U.S.C. 1306; *Waldron*, 536 F.3d at 1242. As a result, when Robinson filed her claim against Tyson while her bankruptcy was still pending, the claim vested in the bankruptcy estate and Robinson had a duty to notice the suit to all creditors. *See* 11 U.S.C. § 1303; *In re Mosley*, 260 B.R. 590,

8

595 (Bankr. S.D. Ga. 2000).  Therefore, we find that Robinson had both a statutory and court ordered duty to amend her asset schedules to reflect her claims against Tyson.

### B.  Inconsitent Positions Under Oath

*Ajaka* held that failure to timely amend a Chapter 13 reorganization plan to reflect a pending claim while simultaneously pursing that claim in another court of law constitutes inconsistent positions under oath.  *Ajaka,* 435 F.3d at 1344.  When Robinson submitted her bankruptcy schedules under oath, she also submitted that she would update those schedules as required.  Therefore, when Robinson filed suit against Tyson, she had a sworn duty to disclose that suit to her bankruptcy estate.

By failing to update her bankruptcy schedule to reflect her pending claim, Robinson represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against Tyson in the district court.  These actions, both taken under oath, are clearly inconsistent.  Therefore, in accordance with *Ajaka*, Robinson took inconsistent positions under oath and the issue of judicial estoppel centers on her intent.

### C.  Mockery of the Judicial System

When considering a party's intent for the purpose of judicial estoppel, we require "intentional contradictions, not simple error or inadvertence." *Am. Nat'l*

9

*Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1536 (11th Cir. 1983). "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Barger v. City of Cartersville*, 348 F.3d 1289, 1295-96 (11th Cir. 2003).

While an estopped party's contradiction must be intentional, such intent may be inferred from the record. *Burnes*, 291 F.3d at 1285. This inference is considered a factual finding by the court and held to a clearly erroneous standard. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. Oregon State Medical Society*, 343 U.S. 326, 339, 72 S. Ct. 690, 698 (1952).

It is undisputed that Robinson had knowledge of her claims. Therefore, the issue of motive is the determining factor in this case. Robinson contends she lacked motive to conceal her claims against Tyson as her Chapter 13 plan proposed complete repayment. However, full monetary repayment does not necessarily preclude a finding of a motive to conceal. See *Burnes*, 291 F.3d at 1286 (concluded that since judicial estoppel is intended to protect the judicial system,

10

those asserting it need not demonstrate individual prejudice). The application of judicial estoppel does not require that the nondisclosure must lead to a different result in the bankruptcy proceeding. *In re Superior Crewboats,* 374 F.3d 330, 335-36 (5th Cir. 2004). Rather, the motive to conceal stems from the possibility of defrauding the courts and not from any actual fraudulent result.

The district court found that Robinson had a motive to conceal her claim because if "she realized any proceeds from the suit prior to the discharge of her bankruptcy . . . she could have kept the proceeds for herself without their becoming part of the bankruptcy estate and going to her creditors to satisfy her debts." The district court focused on the nine month window between when Robinson brought her claim against Tyson and when she was dismissed from bankruptcy. Specifically, the district court found that if Robinson's claim had settled in this time period, she would have been able to keep the proceeds for herself and denied the creditors a fair opportunity to claim what was rightfully theirs. Of course, the same holds true for the pending worker's compensation claim.

Robinson objects to the district court's reasoning, stating that even though she had a claim pending against Tyson, she has yet to receive any monies from that claim. Robinson contends that the district court cannot penalize her based on a speculative recovery considering the fact that she paid off her debts in full.

11

However, Robinson has the benefit of making this argument in hindsight. When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure. *Casanova v. Pre Solutions, Inc.,* 228 Fed. Appx. 837, 841 (11th Cir. 2007).

At the time she choose not to disclose her pending suit against Tyson, Robinson was in the process of repayment and the trustee was moving to dismiss the bankruptcy plan based on Robinson's failure to stay current on her payments. The district court noted Robinson's challenged history regarding her credit management. Robinson was forced to abandon her initial Chapter 13 case because her payments increased to a rate "beyond her ability to pay." Robinson then defaulted on her second bankruptcy plan, causing a creditor to seek relief from the automatic stay imposed by the bankruptcy court. Therefore, the district court rightfully recognized that at the time she choose not to disclose her pending suit, there were legitimate questions regarding repayment.

Additionally, Robinson obviously had some expectation of monetary recovery, as she sought compensatory, punitive and liquidated damages in her lawsuit. The questions regarding repayment coupled with the chance of monetary gain convinced the district court that Robinson had a motive to conceal her claims. This finding has not left us with the definite and firm conviction that a mistake has

12

been made and as such, is not clearly erroneous.

### D. Additional Factors

In accordance with *Burnes*, the district court considered the specific circumstances of the case in addition to factors specifically enumerated. The district court recognized that this was not Robinson's first mistake regarding her bankruptcy proceedings. Robinson failed to disclose her pending worker's compensation claim against Drummond Coal when she initially declared bankruptcy in 2002. Specifically asked if she had any pending claims, Robinson checked "NONE." Robinson has presented no explanation as to why she failed to disclose this claim to the bankruptcy court. The district court found this intentional omission constituted additional evidence of Robinson's intent to conceal claims and such an inference is not clearly mistaken.

### IV. CONCLUSION

The law is clear that Robinson had a duty to disclose substantial changes in her assets. Additionally, the district court found Robinson had a motive to conceal her claims in order to keep any settlement proceeds and this finding was reasonable on the record presented. The district court then inferred the requisite intent to make a mockery of the judicial system from the record. This finding of fact is held to the clearly erroneous standard and Robinson has not presented sufficient

13

evidence to overturn this deferential burden. For the foregoing reasons, summary

judgment in favor of Tyson Foods is AFFIRMED.

ANDERSON, Circuit Judge, concurring:

I concur because I believe binding panel precedent dictates that result, but I write separately to voice my concerns. I agree with the opinion for the Court that Robinson had a continuing duty to disclose the existence of her employment discrimination claim. I also agree that her failure to timely amend her Chapter 13 plan to reflect that pending discrimination claim constituted the taking of an inconsistent position.

I write separately to express my concern related to our application of the mockery-of-the-judicial system prong of the test for invoking judicial estoppel. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). In determining that the taking of an inconsistent position was calculated to make a mockery of the judicial system, that prong requires "intentional contradictions, not simple error or inadvertence." As Judge Fay's opinion notes, our Barger opinion seems to hold that "the debtor's failure to comply with the Bankruptcy Code's disclosure duty is 'inadvertent' only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment." 348 F.3d 1289, 1295 (11th Cir. 2003). I agree that it is undisputed that Robinson had knowledge of her discrimination claim. I think she probably also had a motive to conceal; at least there is a theoretical motive. Thus, I am bound by precedent to affirm this case.

15

As we noted in Burnes, however, the Supreme Court has refused to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," observing that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of the principle." 291 F.3d at 1285 (citing New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 1815 (2001)). We added that, in applying our two-prong test, "courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." Id. at 1286. I fear that we have created an inflexible formula for "inadvertence" that prevents courts from thoroughly examining all of the circumstances of a particular case.

I think this formula presents problems in particular where, as here, the posture of the case is summary judgment. In my judgment, there is sufficient evidence of lack of intent to create a genuine issue of material fact regarding whether Robinson's failure to disclose evinces an intent to make a mockery of the judicial system. The only activity in the bankruptcy case during the pendency of the discrimination case occurred between May and July 11, 2007. During that activity, Robinson clearly should have disclosed her discrimination claim, but the fact that she completely paid up all creditors by July 9, 2007 gives rise to a

16

reasonable inference that there was no value to the creditors in the discrimination claim. Bolstering this inference is the fact that there is no evidence that recovery on the discrimination claim was imminent, or even realistic. Although Robinson's failure to disclose her workman's compensation claim in the earlier bankruptcy constitutes contrary evidence in favor of estoppel, it does not, in my judgment, so overwhelm the reasonable inferences favoring Robinson to eliminate the genuine issue of material fact. Thus, mandating a finding that Robinson's failure to disclose was not inadvertent merely because she had knowledge and a theoretical motive to conceal seems to me to be inconsistent with the summary judgment posture of this case and seems to me to conflict with our well-established law that intent is ordinarily a question of fact for the jury. See, e.g., Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1476 (11th Cir. 1991). However, Barger was also a case in the summary judgment posture, and it seems to me that there too there probably was a genuine issue of material fact as to the requisite intent.

Accordingly, I concur in the judgment because I believe I am bound to do so by precedent.

17