[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 30, 2011
JOHN LEY
CLERK

No. 11-10268
Non-Argument Calendar

_____

D.C. Docket No. 5:08-cv-02189-CLS

TOMMIE SAVAGE,

Plaintiff-Appellant,

versus

SECRETARY OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 30, 2011)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Tommie Savage appeals from the district court's grant of summary

judgment in favor of the Secretary of the United States Army ("Army") on her

claims for employment retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, and unlawful disclosure of records in violation of the Privacy Act, 5 U.S.C. § 552a(b).[1]

I.

With respect to her retaliation claim, Savage argues that the Army, acting primarily through Savage's supervisor Sharon Butler, retaliated against her for filing a race and gender discrimination complaint against the Army with the Equal Employment Opportunity Commission ("EEOC"), which was later resolved through a settlement agreement. Savage contends that the Army retaliated against her by giving her a rating of "3" on a five-tier scale on her 2007 annual performance evaluation and that, as a result of this rating, she received lower compensation than other employees of similar rank who were also under Butler's supervision.[2]

---

[1] We review "the granting of summary judgment *de novo*, and the district court's findings of fact for clear error." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

[2] In her reply brief, Savage presents additional arguments for why the Army retaliated against her. However, she has not raised these arguments in her initial brief, and, therefore, we will not consider them. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 972-73 (11th Cir. 2008) (stating that "an argument not included in the appellant's opening brief is deemed abandoned," and presenting that argument in the reply brief "does not somehow resurrect it").

We apply the *McDonnell Douglas*[3] burden-shifting analysis to Savage's retaliation claim. *See Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010). Under this framework, if a plaintiff establishes a *prima facie* case of retaliation, a presumption of retaliation arises, and "the burden of production shifts to the defendant to rebut the presumption by articulating a legitimate, non-discriminatory reason for the adverse employment action." *Id.* If the employer articulates such a reason, "the presumption raised by the prima facie case is rebutted and drops from the case." *Id.* The plaintiff then "has a full and fair opportunity to demonstrate that the defendant's proffered reason was merely a pretext to mask discriminatory actions." *Id.* at 1181-82 (quotation omitted). The Army conceded for purposes of summary judgment that Savage had established a *prima facie* case of retaliation, and Savage does not argue that the Army failed to proffer legitimate, non-retaliatory reasons for its actions. Accordingly, the only issue on appeal is whether Savage has demonstrated that the Army's proffered reasons were merely a pretext for retaliation.

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The Army proffered the following non-retaliatory reasons for Savage's rating: (1) while Savage received top performance scores from 1996 through 2006, the Army implemented a new and more complex rating system in fiscal year 2007, under which most employees received a rating of "3"; (2) unlike the other employees working under Butler, Savage's duties included a supervisory objective, for which it was extremely difficult to earn a rating of higher than "3"; (3) Butler recommended that Savage receive a rating that would result in Savage receiving the same compensation as the other employees working under Butler, but the seven-member panel ultimately responsible for Savage's final rating downgraded Butler's recommended rating; (4) the panel members that recommended the downgrade had no knowledge of Savage's EEOC complaint;[4] and (5) after the panel downgraded Savage's recommended rating, Butler believed that nothing further could be done to challenge the panel's decision.

On this record, we find that Savage has failed to show that these proffered reasons were merely pretextual. Savage admits that "3" was the expected rating score for most employees under the Army's new rating system. She does not dispute that Butler recommended a substantially similar rating for her as for the

_____

[4] The record reflects that one member of the panel was aware of Savage's EEOC complaint, but that member recommended that Savage be rated higher than the panel ultimately decided.

other employees under Butler's supervision, and had the panel followed Butler's recommendation, Savage would have received the same compensation as her colleagues. Indeed, Butler fully adopted Savage's own self-assessment of her performance and accomplishments when she submitted her recommended rating. While the panel ultimately gave Savage a lower rating than that recommended by Butler, Savage presented no evidence suggesting that any of the panel members who voted to downgrade her rating were aware of her EEOC complaint and, thus, they could not have acted with a retaliatory intent. Finally, Savage presented no evidence of accomplishments that would have warranted a rating above a "3" under the new rating system, and she presented no information that Butler could have used to challenge the panel's decision.[5] Accordingly, the district court did not err in granting the Army summary judgment on Savage's retaliation claim.

## II.

As to her Privacy Act claim, Savage argues that Butler disclosed the terms of Savage's EEOC settlement agreement to Savage's co-worker, Edna Sheridan,

---

[5] In support of her argument that the Army's proffered reasons were mere pretext, Savage points to the fact that Butler distributed customer satisfaction surveys to her team members—the results of which would contribute to the employee's overall rating— but excluded Savage from the initial distribution, thereby leaving her with insufficient time to obtain substantive responses from her customers. However, the record reflects that when Savage received the surveys 9 days after her co-workers, she did not send them out to a single customer, nor did she request an extension of time to do so. In addition, Savage points to no facts in the record that would support a finding that she was intentionally omitted from the initial email.

and that because Butler knew about the settlement information from the Army's record-keeping system, Butler's disclosure of this information constituted a violation of the Privacy Act.[6]  However, to establish a claim under the Privacy Act, Savage must demonstrate not only that the government's failure to fulfill its record-keeping obligations proximately caused an adverse effect on Savage, but also that she suffered actual damages.  *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 872 (11th Cir. 2009).  Regardless of whether Butler unlawfully disclosed the terms of Savage's settlement agreement to Sheridan, Savage presented no arguments or evidence that she suffered any adverse effects from this disclosure, much less any actual damages.  Accordingly, on this record, we find no reversible error in the district court's grant of summary judgment to the Army on Savage's Privacy Act claim.

**AFFIRMED.**

---

[6] The Privacy Act provides that "'[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency,' except by the individual's written consent or if one of twelve statutory exceptions is met." *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1381 (11th Cir. 2010) (quoting 5 U.S.C. § 552a(b)).