[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

No. 11-13829
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00239-JFK


DANNY HAWK,

Plaintiff-Appellant,

versus

ATLANTA PEACH MOVERS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 6, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Danny Hawk, proceeding *pro se*, appeals from the district court's grant of

summary judgment in favor of Atlanta Peach Movers, Inc. ("APM") in his lawsuit alleging employment retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3. For the reasons stated below, we affirm.

I.

Danny Hawk, an African-American, began working for APM in May 2009 as an entry-level driver. On June 15, 2009, Timothy Huff, the company's operations manager, issued Hawk a written warning notice for "inappropriate behavior on job site, not following the supervisor's instruction." In the employee comment section of the notice, Hawk wrote: "I sign this document; however without specific classification of instruction allegedly violated; I do not waive[] right to object." On July 6, 2009, Huff issued another warning notice to Hawk, accusing him of leaving the keys in an unlocked van over the weekend. In response, Hawk commented: "I do not leave keys in pack-van. Request company video of day in question." As a result of this second violation, APM suspended Hawk from work for one week. That same day, July 6th, Hawk faxed a letter to Orlando Lynch, the owner of APM, complaining about the week-long suspension. Hawk essentially stated that another employee, not him, left the keys in the van and that both of the warning notices issued by Huff were unfair. On July 14, 2009, Huff issued a letter to Hawk on behalf of APM, informing Hawk that he was

2

being laid off because the company had insufficient work for its senior employees.

On the same day, July 14, 2009, Hawk wrote a letter to the Equal Employment Opportunity Commission ("EEOC"), asserting that he was terminated for opposing Huff's unlawful employment practices. Hawk filed a formal charge of retaliation with the EEOC on July 22, 2009, in which he referred to the date of his termination as July 14, 2009. APM's payroll records, however, indicate that Hawk worked for several hours on July 15, 2009.

Subsequently, Hawk filed a complaint against APM in state court, alleging retaliation under Title VII. APM removed the lawsuit to federal court, pursuant to 28 U.S.C. § 1441(a). During the discovery phase, Hawk submitted an affidavit from himself, in which he asserted, among other things, that he "publicly stated his opposition to the defendant's allegedly discriminatory practices at the weekly Monday Morning Meeting" on July 13, 2009.

After discovery, APM moved for summary judgment. Hawk did not formally respond to APM's motion; instead, he addressed some of APM's arguments in a lengthy motion to strike APM's motion for summary judgment. The district court denied Hawk's motion to strike, but stated that it would consider the merits of Hawk's arguments contained therein. The court also granted APM's motion for summary judgment, reasoning that Hawk failed to establish a *prima*

3

*facie* case of retaliation because he could not show that he engaged in statutorily protected activity under Title VII.

Hawk raises several arguments on appeal. In relevant part, he contends that he engaged in statutorily protected activity by (1) objecting to the two disciplinary notices issued by Huff, (2) sending a letter to Lynch on July 6, 2009, (3) voicing his complaints about APM's discriminatory practices on July 13, 2009, and (4) filing complaints with the EEOC on July 14 and 22, 2009. He asserts that APM discharged him in retaliation for this activity.[1]

## II.

We review the granting of summary judgment *de novo* and the district court's findings of fact for clear error. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). If the

---

[1] Hawk also raises several procedural arguments, namely, that the district court erred by (1) failing to construe his motion to strike as a cross-motion for summary judgment or as a response to APM's motion for summary judgment, (2) failing to construe his affidavit as a statement of material facts, and (3) treating APM's statement of material facts as admitted. These arguments warrant little discussion, however, because Hawk failed to show that he suffered any prejudice from the district court's alleged errors. *See* 28 U.S.C. § 2111 ("On the hearing of any appeal . . . in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."). As explained below, Hawk failed to establish a *prima facie* case of retaliation, and we discern no evidence in the record warranting a reversal of the district court's grant of summary judgment to APM.

movant satisfies the burden of production showing that there is no genuine issue of fact, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (quotation omitted). "We draw all factual inferences in a light most favorable to the non-moving party." *Id.* Nevertheless, the non-moving party cannot create a genuine issue of material fact through speculation, *id.*, or evidence that is "merely colorable" or "not significantly probative," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Title VII prohibits an employer from retaliating against an employee because (1) "he has opposed any practice made an unlawful employment practice" by the statute, or because (2) "he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the statute. 42 U.S.C. § 2000e-3(a). A plaintiff may establish a *prima facie* case of retaliation under Title VII by showing that (1) he engaged in statutorily protected activity, (2) he suffered a "materially adverse action," and (3) there was a causal link between the two events. *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008). To establish the first element, a plaintiff must show that he "had a good faith, reasonable belief that the employer was engaged in unlawful

5

employment practices." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311-12 (11th Cir. 2002) (quotation omitted). It is "not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable." *Id.* at 1312 (quotation omitted).

In this case, Hawk failed to establish that he engaged in statutorily protected activity by opposing unlawful employment practices. The record does not indicate that, prior to being discharged, Hawk subjectively believed that APM discriminated against him on account of race or any other protected ground.[2] Hawk's comments in response to the two warning notices, as well as his letter to Lynch, at most expressed Hawk's belief that APM acted unfairly towards him. Nothing in Hawk's complaints suggested that APM was discriminating against him based on a protected ground. *See Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) (holding that an employee did not engage in protected activity where, during a grievance hearing held by the employer, the employee made no allegation and offered no proof of unlawful discrimination, but instead contended only that she deserved better treatment). To

---

[2] Title VII prohibits employment discrimination based on a person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

be sure, Hawk asserted in his affidavit that, on July 13th, he "publicly stated his opposition to the defendant's allegedly discriminatory practices." However, this assertion is too vague and conclusory to create a genuine issue of fact as to whether Hawk subjectively believed that APM had unlawfully discriminated against him. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.").

In any event, Hawk's belief that APM discriminated against him was not objectively reasonable, as the record contains no indication that the two warning notices and the week-long suspension constituted unlawful discrimination, even though such actions may have been unfair. *See Weeks*, 291 F.3d at 1312; *Coutu*, 47 F.3d at 1074 ("Unfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII.").

To the extent that Hawk's EEOC complaints constituted protected activity under Title VII, Hawk failed to establish a causal connection between that activity and his termination. After all, Hawk filed the EEOC complaints only after being terminated on July 14, 2009, and, therefore, APM could not have been aware of those complaints prior to discharging him. *See McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008) (stating that, to establish causation, a plaintiff must

demonstrate that the employer was aware of the protected conduct). While APM's payroll records indicate that Hawk worked on July 15, 2009, one cannot reasonably dispute that APM made a firm decision to terminate him on July 14, 2009, before he filed his first EEOC complaint. APM's termination letter was sent on July 14th; Hawk's first letter to the EEOC, dated July 14th, specifically referenced his termination; and, in his formal EEOC charge, Hawk stated that he was terminated on July 14th. In light of the foregoing, Hawk has failed to establish a *prima facie* case of retaliation, and the district court properly granted summary judgment to APM. Therefore, we affirm.

**AFFIRMED.**