[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12175
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00408-WS-M

DONALD DENNIS,

Plaintiff-Appellant,

versus

JOJO SCHWARZAUER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 13, 2012)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Donald Dennis, an Alabama prisoner proceeding *pro se*, appeals

the district court's grant of summary judgment in favor of JoJo Schwarzauer, the

Circuit Clerk of Mobile County.  On appeal, Dennis argues that the district court should not have invoked *Heck v. Humphrey*, 512 U.S. 477, 481-82, 114 S. Ct. 2364, 2369-70, 129 L. Ed. 2d 383 (1994), to bar his claims for relief. He asserts that *Heck* does not apply because he challenged Schwarzauer's denial of his constitutional right of access to the courts, not the validity of his conviction.   Dennis claims that Schwarzauer violated his right of access to the courts when she mistakenly sent the wrong inmate's DNA to the Alabama Court of Criminal Appeals and failed to properly attach an amendment Dennis filed with a petition for post conviction relief that was ultimately dismissed by the Alabama Court of Criminal Appeals.

We review the grant of summary judgment *de novo*.  *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836-37 (11th Cir. 2006).  We may affirm the district court's judgment on any ground supported by the record.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

State prisoners must use habeas corpus, not 42 U.S.C. § 1983, when seeking to invalidate their convictions.  *Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S. Ct.

2

1242, 1245-48, 161 L. Ed. 2d 253 (2005). This bar to challenges under § 1983 to the fact or duration of confinement was first articulated by *Heck*, which held that a § 1983 action will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." 512 U.S. at 481-82, 114 S. Ct. at 2369-70. The Supreme Court has stressed the importance of the term "necessarily," noting that even where the relief sought may ultimately prove exculpatory, the "necessarily" standard is not satisfied if the outcome is "hardly inevitable." *Skinner v. Switzer*, 562 U.S. ___, ___, 131 S. Ct. 1289, 1298-99, 179 L. Ed. 2d 233 (2011).

Access to the courts is a right grounded in several constitutional amendments, including the First, Fifth and Fourteenth Amendments. *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). To assert an access-to-the-courts claim, the plaintiff must possess a non-frivolous, arguable underlying cause of action, the presentation of which was prevented by the defendant. *See Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006). Indeed, the plaintiff must describe the underlying cause of action specifically enough in the complaint to show it is more than hope. *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1271 (2010).

Here, we conclude from the record that the district court correctly found that Dennis's claim that Schwarzauer sent the wrong inmate's DNA to the Alabama

3

Court of Criminal Appeals was invalid under *Heck*. His complaint did not argue that his constitutional right of access to the courts was infringed by the DNA error but that the error caused him to be "convicted under someone elses (sic) name." As such, Dennis's DNA-related § 1983 claim attacked his conviction's validity and should have been brought as a habeas petition.

The district court also properly dismissed Dennis's claim regarding the misfiled amendment. Dennis did not describe the amendment in the complaint specifically enough to prove the amendment had merit. In the absence of proof that the underlying amendment itself was arguable and non-frivolous, his access-to-the-courts claim was correctly dismissed. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**