[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14022
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00205-HNJ


TIMOTHY WEAKLEY,

Plaintiff-Appellant,

versus

EAGLE LOGISTICS,
CELADON TRUCKING,

Defendants-Appellees.


_____

No. 17-14023
Non-Argument Calendar
_____

D.C. Docket No.  3:16-cv-00403-HNJ


TIMOTHY WEAKLEY,

Plaintiff-Appellant,

versus

JENNIFER ROBERTS,
QUALITY COMPANIES,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(June 29, 2018)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

In this consolidated appeal, Timothy Weakley appeals the district court's

grant of summary judgment against him in favor of Eagle Logistics Services and

Celadon Trucking Services, and its grant of summary judgment against him (in a

separate lawsuit) in favor of Jennifer Roberts and Quality Companies.  Weakley

contends that the district court abused its discretion by dismissing his two lawsuits

based on the doctrine of judicial estoppel as a result of Weakley's failure to

disclose them in his bankruptcy proceeding.

We review only for abuse of discretion the district court's application of

judicial estoppel.  Slater v. U.S. Steel Corp., 871 F.3d 1174, 1180 n.4 (11th Cir.

2017) (en banc).  A debtor who has filed for bankruptcy "must file sworn

2

disclosures listing his debts and his assets, including any pending civil claims, and identifying any lawsuits he has filed against others." Id. at 1176.  When a debtor fails to list a pending civil claim as an asset in a bankruptcy proceeding, the equitable doctrine of judicial estoppel allows a court to exercise its discretion to dismiss the debtor's civil claim.  See id. at 1180.

We use a two-part test to guide district courts in applying judicial estoppel: (1) Whether the plaintiff "took a position under oath in the bankruptcy proceeding that was inconsistent with the plaintiff's pursuit of the civil lawsuit[s]," and (2) whether the inconsistent positions "were calculated to make a mockery of the judicial system." Id. at 1180–81 (quotation marks omitted).  There is no question that Weakley took an inconsistent position under oath in a separate proceeding.  In his Chapter 13 bankruptcy proceeding he failed to disclose the two lawsuits and the claims in them as assets after asserting those claims and an entitlement to damages in the lawsuits.  See Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010) ("[F]ailure to timely amend a Chapter 13 reorganization plan to reflect a pending claim while simultaneously pursing that claim in another court of law constitutes inconsistent positions under oath.").  As a result, we turn to the second prong.

As for the second prong, district courts must "look to all the facts and circumstances of the case to decide whether a plaintiff intended to mislead the court . . . ." Slater, 871 F.3d at 1186.  For example, a court may consider:

> the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was [a] party, and any findings or actions by the bankruptcy court after the omission was discovered.

Id. at 1185.  The court may also consider the plaintiff's explanation for the omission, id. at 1177, although it need not credit that explanation, id. at 1186 n.12; see also id. at 1190–91 (Carnes, C.J., concurring) ("[I]n deciding whether a plaintiff intended to mislead when she omitted a claim from her bankruptcy schedules, or failed to update a schedule to include the claim, the district court is not required to accept the plaintiff's denial of her intent.  And that is true even if her denial is made under oath and not contradicted by other evidence.").

In concluding that Weakley intentionally misled the bankruptcy court, the district court considered that he not only failed to include the two lawsuits in his initial bankruptcy filings but he also failed to include them in any of the six separate amendments that he made to his schedules and filings during the bankruptcy proceeding.  The court pointed out that it was not until the defendants in both lawsuits had relied on his failure to disclose as grounds for dismissal of the

4

lawsuits that Weakley finally amended his bankruptcy filings to disclose those two lawsuits and the claims they asserted.  The court also considered his ability to benefit financially at his creditors' expense by concealing the two lawsuits.  Not only that but Weakley had disclosed as assets in the bankruptcy proceeding two other lawsuits he had filed, both of which were of much lesser potential value than the two nondisclosed ones, which together sought damages in excess of $14,000,000.  The district court reasoned that his failure to disclose the two higher claim lawsuits while disclosing the other two lesser claim ones "indicates a motive to exclude the potentially more lucrative, non-exempt [lawsuit assets] from the bankruptcy proceedings."  Finally, the court took into account the fact that Weakley had filed four other bankruptcy petitions, "demonstrating that [he] should have been familiar with the requirements."

Although the district court reached its ruling before this Court issued its en banc decision in Slater, its analysis is consistent with that decision.  Slater overruled our precedent that allowed courts to automatically infer a plaintiff's intent to mislead based solely on the plaintiff's failure to disclose a civil claim in a bankruptcy proceeding.  See 871 F.3d at 1185.  The district court did not infer Weakley's intent to defraud his creditors based only on his failure to disclose but instead made its determination based on the facts and circumstances relating to the

5

bankruptcy filings and nondisclosure.  Our Slater decision requires a district court

to consider the entire record, see id., which is what the district court did.

Weakley also argues that the judicial estoppel issue is moot because he

voluntarily dismissed his Chapter 13 bankruptcy petition.[1]  It isn't moot.  The

judicial estoppel issue presented to us in this appeal is not about what should

happen in the bankruptcy proceeding, a case that has not been appealed to us.

Instead, the issue is whether the district court abused its discretion in dismissing on

judicial estoppel grounds the two lawsuits that Weakley filed against the appellees

in the appeal before us.  Weakley did not dismiss either one of these two lawsuits;

instead, he has appealed the district court's dismissal of them.  The propriety of

that dismissal is not moot.

To the extent Weakley argues that his voluntary dismissal of his bankruptcy

petition makes the district court's application of the judicial estoppel doctrine an

abuse of discretion in this case, we reject that contention.  Judicial estoppel serves

to "prevent the perversion of the judicial process and protect its integrity."  Id. at

1180 (quotation marks and alterations omitted).  It cannot serve that purpose as

well if a duplicitous debtor is assured that he can always avoid the doctrine's bite

by dismissing his bankruptcy petition after his duplicity is found out.  And that is

---

[1] In his briefs Weakley also makes several factual allegations that he did not make in the district court.  We can't and won't consider those allegations.  See Daniel v. Taylor, 808 F.2d 1401, 1404 n.2 (11th Cir. 1986) ("[T]his Court cannot consider evidence which was not before the district court.").

what Weakley sought to do.  He didn't voluntarily dismiss his bankruptcy petition until after the defendants moved for summary judgment on the grounds that he intentionally omitted these two lawsuits from his bankruptcy filings.  To guarantee Weakley and others in his situation that, if caught, they could always undo the application of the judicial estoppel doctrine would render it toothless.

Because the district court considered all the facts and circumstances of Weakley's cases in determining whether he intended to mislead the bankruptcy court, see id. at 1185, it did not abuse its discretion by applying judicial estoppel and dismissing these two lawsuits that he failed to disclose in his bankruptcy proceeding.

**AFFIRMED.**