[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10229

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

IVAN ALONSO-FONSECA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20081-DPG-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Ivan Alonso-Fonseca appeals his total sentence of 51 months' imprisonment, following his guilty plea to possession of 15 or more unauthorized access devices and aggravated identity theft. On appeal, Alonso-Fonseca first challenges the 14-level enhancement he received for a loss amount of $1.5 million. He attacks the loss amount enhancement in two ways: (1) he argues, as he did in the district court, that the proper measure of loss under U.S.S.G. § 2B1.1(b)(1) is actual loss rather than intended loss; and (2) he argues, for the first time on appeal, that the $500 per access device calculation of intended loss under Application Note 3(F)(i) to U.S.S.G. § 2B1.1 is an arbitrary number that contradicts the text of the guideline. Second, Alonso-Fonseca challenges the two-level enhancement he received under U.S.S.G. § 2B1.1(b)(11) for possessing access-device-making equipment. He argues that imposing the enhancement was impermissible double-counting because his offense conduct entirely relied upon possessing access-device-making equipment. After careful review, we affirm.

## I.

We review the district court's interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (*en banc*). Arguments raised for the first time on appeal in a criminal case are reviewed for plain error only. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

23-10229                Opinion of the Court                3

Plain-error review requires: (1) that there be error; (2) that the error be plain, and (3) that the error affect the defendant's substantial rights. *Id.* If these three conditions are met, we may exercise our discretion to notice the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002).

The Sentencing Guidelines offense conduct section for fraud or theft offenses provides that "[i]f the loss exceeded" $550,000 but was not more than $1.5 million, the offense level must be increased by 14 levels. U.S.S.G. § 2B1.1(b)(1)(H). Application Note 3(A) to § 2B1.1 states that "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 comment. (n.3(A)). Application Note 3(F)(i) to U.S.S.G. § 2B1.1 states, "In a case involving any counterfeit access device or unauthorized access device, loss . . . shall be not less than $500 per access device." U.S.S.G. § 2B1.1 comment. (n.3(F)(i)).

In *Stinson v. United States*, the Supreme Court determined that the Sentencing Guidelines' commentary was binding authority for sentencing cases "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of," the Guidelines' text. 508 U.S. 36, 38 (1993). In *Kisor v. Wilkie*, decided in 2019, the Supreme Court "compiled and further develop[ed]" the considerations that govern when courts should defer to agencies' interpretations of their governing regulations. 139 S. Ct. at 2408. It held that such deference was warranted only when the court has determined the regulation is "genuinely ambiguous, even after [the] court has resorted to all the standard tools of

interpretation." *Id.* at 2414-15. Moreover, the agency's reading must be "reasonable," meaning it "come[s] within the zone of ambiguity the court has identified," it must be the agency's "authoritative" or "official position," it must "in some way implicate [the agency's] substantive expertise," and it must reflect "fair and considered judgment" by the agency. *Id.* at 2415-18.

Later, in *United States v. Dupree*, this Court, sitting *en banc*, held that a federal drug conspiracy conviction was not a controlled substance offense under U.S.S.G. § 4B.1.2(b) because the text of the guideline unambiguously excluded inchoate offenses such as conspiracy, and thus the Court could not defer to the commentary's provision that the term included conspiracy offenses. 57 F.4th at 1273. We explained that "[t]he Supreme Court did not overrule *Stinson* in *Kisor*," and concluded that "*Kisor*'s gloss" applies to *Stinson*, meaning courts "may not defer" to the commentary to the Sentencing Guidelines "if uncertainty does not exist" in the Guideline itself. *Id.* at 1275.

A plea agreement is, in essence, "a contract between the [g]overnment and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). In a plea agreement, a defendant may give up his right to challenge "difficult or debatable legal issues" or even "blatant error." *Id.* at 1169.

Judicial estoppel, also sometimes referred to as "equitable estoppel," is an equitable doctrine that we have the discretion to invoke. *Ajaka v. BrooksAmerica Mortg. Corp.*, 453 F.3d 1339, 1343-44 (11th Cir. 2006). The purpose of judicial estoppel is "to protect the

integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (quotation marks omitted). While there are no "inflexible prerequisites" and there is no "exhaustive formula" for determining when to apply judicial estoppel, considerations that typically are considered include: whether a party has taken a position that is "clearly inconsistent" with an earlier position that party took, whether the party persuaded a court to accept the earlier position, and whether the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *see Ajaka*, 453 F.3d at 1344 (stating that "two primary factors," though "not inflexible or exhaustive," are that (1) "the allegedly inconsistent positions must have been taken under oath in a prior proceeding," and (2) "they must have been calculated to make a mockery of the judicial system"). Equitable estoppel may be applied to a contract, such that it "precludes a party from claiming the benefits of some of the provisions of a contract while simultaneously attempting to avoid the burdens that some other provisions of the contract impose." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012). It has also been applied to "preclude[] a litigant from asserting a claim or defense that might otherwise be available to him against another party who has detrimentally altered his position in reliance on the former's misrepresentation or failure to disclose some material fact." *F.D.I.C. v. Harrison*, 735 F.2d 408, 410 (11th Cir. 1984).

Here, we conclude that Alonso-Fonseca is estopped from raising his challenges to the loss enhancement because, in his plea agreement, he specifically agreed to recommend that the relevant amount of intended loss was $1,500,000. Having received the benefit of that agreement in the form of dismissed charges, he cannot now escape the burdens to which he agreed.

## II.

We review *de novo* a claim of double counting. *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006). Impermissible double counting "occurs only when one part of the Guidelines is applied to increase [the] defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Id.* at 1226-27.

Under the Guidelines, the defendant will receive a two-level enhancement if the offense conduct involved the possession or use of access-device-making equipment. U.S.S.G. § 2B1.1(b)(11). Access-device-making equipment includes "any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device." U.S.S.G. § 2B1.1, comment. (n.10(A)); *see also* 18 U.S.C. § 1029(e)(6). Section 2B1.1 of the Sentencing Guidelines contains the offense level for § 1029(a)(3) convictions for the possession of 15 or more unauthorized access devices, but also covers numerous other fraud, theft, and forgery-related offenses such as receiving stolen property, embezzlement, and misappropriation of trade secrets. *See* U.S.S.G. § 2B1.1 Appx. A. Section 1028A(a)(1) covers the offense of aggravated identity

theft and is governed by § 2B1.6, which provides that the guideline range is the two-year consecutive term of imprisonment required by the statute. 18 U.S.C. § 1028A(a)(1); U.S.S.G. § 2B1.6.

When calculating the defendant's sentencing range under the Guidelines, the district court "must consider all 'relevant conduct' as defined in [U.S.S.G.] § 1B1.3." *United States v. Siegelman*, 786 F.3d 1322, 1332 (11th Cir. 2015). Relevant conduct is broadly defined to include "both uncharged and acquitted conduct that is proven at sentencing by a preponderance of the evidence." *Id.* It includes all harm that resulted from, or was the object of, the acts committed, induced, or willfully caused by the defendant during commission of the offense. U.S.S.G. § 1B1.3(a)(1), (3).

Here, we conclude that Alonso-Fonseca's double-counting challenge fails. The fact that possessing access-device-making equipment was central to the way he committed his offenses, and thus was part of his relevant conduct, is a reason to impose the enhancement, not to refrain from imposing it. Because his possession of access-device-making equipment was not accounted for elsewhere in his Guidelines calculations, it was not impermissible double counting for the district court to impose a two-level enhancement under § 2B1.1(b)(11).

### III.

For these reasons, we affirm Alonso-Fonseca's sentence.

**AFFIRMED.**