[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12488
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cv-00863-HLA-JBT

PASCHAL ANYANWU,

Plaintiff - Counter
Defendant - Appellant,

versus

BRUMOS MOTOR CARS, INC.,

Defendant - Counter
Claimant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 13, 2012)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Paschal Anyanwu, proceeding *pro se*, appeals the district court's order granting summary judgment in favor of his former employer, Brumos Motor Cars, Inc. (Brumos), on his claims of racial discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  The district court found that Brumos was entitled to judgment as a matter of law on the merits and, in the alternative, that Anyanwu's claims were time-barred.  After careful review, we affirm.[1]

## I.

Anyanwu, a black male, began working as a car salesman for Brumos in 2004.  In his complaint, Anyanwu alleged that he was not allowed to park his Ferrari in the employee parking lot because of racial discrimination.  Brumos permitted him to park several other vehicles he owned in the employee lot, but not his Ferrari.  Beginning in December 2007, Brumos allowed him to park the Ferrari on site, but only after he signed a form that released Brumos from any liability associated with parking the car on company property.  According to Anyanwu, Brumos permitted white employees to park cars similar to the Ferrari on company property without signing a release.

---

[1] Because we affirm the district court's order on the merits, we deny Brumos's motion to dismiss this appeal with prejudice as moot.

2

Anyanwu also claimed he was terminated in retaliation for his opposition to this racial discrimination. Brumos responded that it terminated him for violating its harassment policy. Specifically, in November 2007, a Brumos employee filed a sexual harassment complaint alleging that Anyanwu slapped her on the forehead and pushed her. The Director of Human Resources at Brumos gave Anyanwu a written warning that any future harassment would be grounds for termination. And in January 2008, another Brumos employee filed a sexual harassment complaint against Anyanwu alleging he made inappropriate comments and phone calls. Brumos investigated the matter and fired Anyanwu on January 21, 2008.

Anyanwu denied the harassment allegations and claimed that Brumos's proffered reason for terminating him, violations of its harassment policy, was pretextual. The district court granted summary judgment in favor of Brumos. The court found that Anyanwu's Title VII claims were time-barred and, in the alternative, that Anyanwu could not establish a *prima facie* case of discrimination nor rebut Brumos's non-discriminatory reason for terminating him. The court ruled that even if Anyanwu had properly advanced a 42 U.S.C. § 1981 claim, it would fail on the merits. This is Anyanwu's appeal.

II.

We review *de novo* the district court's grant of summary judgment.

3

*Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"We draw all factual inferences in a light most favorable to the non-moving party."  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  "*Pro se* pleadings are held to a less stringent standard . . . and will . . . be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  A plaintiff cannot defeat summary judgment, however, by relying upon conclusory assertions.  *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).  Rather, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1); *see also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (*en banc*) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.").  "[W]e may affirm the district court's decision on any adequate ground, even if it is other than the one on which the court actually relied."  *Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 613 (11th Cir. 1995).

III.

A.    Anyanwu's Racial Discrimination Claim

Anyanwu argues that Brumos's decisions to prohibit him from parking his Ferrari in the employee parking lot and, later, to permit him to park the Ferrari only if he signed a release of liability constituted racial discrimination under Title VII. We disagree.

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a). A plaintiff may prove a Title VII claim either with direct or circumstantial evidence. *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000). "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of [race] will constitute direct evidence of discrimination." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999) (internal quotation marks omitted). And "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

The district court correctly found that Anyanwu had not presented any direct evidence of discrimination. Although, according to Anyanwu, managers at

5

Brumos regularly used racial epithets, Anyanwu did not point the district court to any evidence indicating that these remarks were related to the decisonmaking process for the parking prohibition. *See id*. And the other comments Anyanwu references do not unambiguously refer to his race. Thus, he must rely on circumstantial evidence to establish his disparate treatment claim.

In evaluating circumstantial evidence, we use the *McDonnell Douglas* burden-shifting framework whereby the plaintiff must first establish a *prima facie* case of discrimination. *Crawford v. Carroll*, 529 F.3d 961, 975-76 (11th Cir. 2008). To establish a *prima facie* case of racial discrimination on the basis of disparate treatment, the plaintiff must show: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees more favorably; and (4) he was qualified to do the job. *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). To show an adverse employment action, the plaintiff must show "a *serious and material* change in the terms, conditions, or privileges of employment," which would be viewed as such "by a reasonable person in the circumstances." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). Once a plaintiff establishes a *prima facie* case, the employer may articulate a legitimate, non-discriminatory reason for its action. *Brooks v. Cnty. Comm'n of Jefferson Cnty.,*

6

*Ala.*, 446 F.3d 1160, 1162-63 (11th Cir. 2006). Then the plaintiff must offer significantly probative evidence that the proffered reason is a pretext for discrimination. *Id.*

The district court in this case correctly found that Brumos's prohibition on Anyanwu parking his Ferrari in the employee lot, and later permitting him to do so only if he signed a release of liability, were not adverse employment actions, and thus, Anyanwu had not made out a *prima facie* discrimination case. Anyanwu was allowed to park multiple vehicles, including two Mercedes-Benz cars, in the employee lot without signing a liability release. Anyanwu argues that Brumos's prohibition was material because driving a luxury car to work was a symbol of success that affected his ability to sell luxury cars. But he does not point to any evidence that the cars he could drive to work without signing a release of liability would be so inadequate that a reasonable person in his position would consider the parking prohibition a materially adverse employment action. *Davis*, 245 F.3d at 1239. And, of course, Anyanwu ultimately could still drive his Ferrari to work after he signed the release.

Because Anyanwu has not shown that the parking prohibition or the requirement that he sign a release of liability to park his Ferrari in the employee lot were material adverse employment actions, he has failed to establish a *prima facie*

7

case of racial discrimination under Title VII.

B.    Anyanwu's Retaliation Claim

Anyanwu alleges that his termination from Brumos was in retaliation for complaining about racial discrimination and that Brumos's proffered explanation for his termination — violations of its harassment policy — was merely a pretext for discrimination.  As with his disparate treatment claim, Anyanwu did not point to any competent direct evidence of discrimination.  Therefore, the *McDonnell Douglas* framework is appropriate for this claim.

Even assuming that Anyanwu established a *prima facie* case of retaliation, he has not offered any evidence that Brumos's reasons for termination were pretextual.  "[A] reason cannot be proved to be a pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (internal quotation marks omitted).  "An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."  *Damon*, 196 F.3d at 1363 n.3.

Here, two Brumos employees filed sexual harassment complaints, supported by affidavits taken shortly thereafter, which Brumos investigated and found to be credible.  Anyanwu was warned after the first complaint, but before the second,

8

that any future harassment would constitute grounds for termination. After the investigation, Brumos concluded that Anyanwu's conduct violated its harassment policy and terminated him.

Anyanwu argues primarily that Brumos's investigation into the complaints was a sham and that he is innocent of the harassment charges, citing affidavits of co-workers who stated that they did not think Anyanwu would have sexually harassed anyone. But he provides no evidentiary support for his contention that the investigation was a sham. And, even if he did not commit the harassment charged, the record indicates that Brumos honestly investigated the harassment and reasonably terminated him as a result. Anyanwu has not provided adequate, probative evidence to the contrary.

Anyanwu also argues that the close temporal proximity between his complaints about the parking prohibition and his termination suggests that Brumos's proffered explanation was pretextual. *See Hurlbert v. St. Mary's Health Care Sys.*, 439 F.3d 1286, 1298 (11th Cir. 2006) (holding close temporal proximity of two weeks between protected conduct and termination was "evidence of pretext, though probably insufficient to establish pretext by itself"). Even if Anyanwu engaged in statutorily protected activity by opposing racial discrimination in mid-December 2007, which was just under a month before he

9

was placed on administrative leave and ultimately fired, the second harassment claim — which he had been warned could lead to his termination — came *after* his complaints and only days before he was placed on leave.  Thus, the temporal proximity between Anyanwu's complaints and his termination does not alone suggest Brumos's reasons were pretextual.  *Id*.  Rather, the proximity between the harassment complaints and Anyanwu's termination indicates that Brumos's reason was legitimate.

Because Anyanwu has not shown that Brumos's legitimate, non-discriminatory reason for terminating him was a pretext for discrimination, his retaliation claim fails.

IV.

Anyanwu challenges the district court's conclusion that he did not properly raise a claim under 42 U.S.C. § 1981.  Racial discrimination and retaliation claims are cognizable under both Title VII and 42 U.S.C. § 1981, and they "have the same requirements of proof and use the same analytical framework."  *Standard*, 161 F.3d at 1330.  Thus, even assuming Anyanwu properly raised § 1981 claims, they fail for the same reasons his Title VII claims fail.

V.

The district court properly granted summary judgment in favor of Brumos

10

on Anyanwu's discrimination and retaliation claims; accordingly, we affirm.[2]  We

deny Brumos's motion to dismiss this appeal as moot.

**AFFIRMED.**

---

[2] Because we affirm the grant of summary judgment on the merits of the Title VII claim, we do not address the timeliness issue.