[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16324
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00047-RDP

JOE WINBORN,

Plaintiff-Appellant,

versus

SUPREME BEVERAGE COMPANY INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 14, 2014)

Before MARTIN, DUBINA, and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Winborn, an African-American male, appeals from the district court's grant of summary judgment in favor of Supreme Beverage Company, Inc. ("Supreme") in his employment discrimination suit for racially discriminatory termination brought under Title VII and 42 U.S.C. § 1981.[1]  On appeal, he raises three issues.  First, he argues that the district court erred in concluding that he did not establish a *prima facie* case of racially discriminatory termination.  Second, he argues that the district court erred in concluding that he did not establish that Supreme's reason for terminating him—violation of company procedures—was pretextual.  Finally, he argues that the district court abused its discretion in granting Supreme's motion to strike his additional disputed facts.

## I.  Standard of Review

We review the granting of summary judgment *de novo*, and the district court's findings of fact for clear error.  *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).  A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  If the movant satisfies the burden of production showing that there is no genuine issue of fact, "the nonmoving party must present evidence beyond the pleadings showing

---

[1] The complaint also cited 42 U.S.C. § 1983, but did not allege state action.  The district court dismissed his Title VII failure-to-promote claim and pendent state law tort claims, and he does not challenge that ruling in his brief on appeal.  Accordingly, this opinion will only address his claim of racially discriminatory termination.

that a reasonable jury could find in its favor." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (quotation omitted).  We draw "all factual inferences in a light most favorable to the non-moving party." *Id.*

## II. *Prima facie* **case**

We use the same analytical framework to consider claims under Title VII and 42 U.S.C. § 1981.  *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).  Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's race . . . ."  42 U.S.C. § 2000e-2(a).  Under § 1981, "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981(a).

To establish a *prima facie* case of discrimination based on disparate treatment in termination, a plaintiff may show that "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class."  *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).   In the disciplinary context, the most important factors "are the nature of the offenses committed and the nature of the punishments imposed."  *Stone & Webster Constr., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1135 (11th Cir. 2012).

Alternatively, we have indicated that, in lieu of evidence of a similarly-situated comparator, a plaintiff may make out a *prima facie* case of racial bias in the application of discipline for a violation of work rules by showing that he did not actually violate the work rule. *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989). However, when an employee argues that he did not actually violate the rule in question, "an employer may rebut this allegation by showing its good faith, honest belief that the employee violated [the] rule." *Stone & Webster Constr.*, 684 F.3d at 1136. If an employer terminates an employee "because it honestly believed that the employee had violated a company policy, even if it was mistaken in such belief, the discharge is not 'because of race.'" *Smith v. Papp Clinic, P.A.*, 808 F.2d 1449, 1452-53 (11th Cir. 1987).

The district court did not err in concluding that Winborn did not establish a *prima facie* case of racially discriminatory termination. He failed to identify Caucasian comparators who were treated more favorably after engaging in substantially similar misconduct. Moreover, there was nothing in the material before the district court on summary judgment to suggest that his supervisors did not hold a good faith belief that he had committed the misconduct for which they terminated him. Accordingly, because he failed to establish a *prima facie* case, we conclude the district court did not err in granting summary judgment, and affirm.

4

### III.  Pretext

Even if we were to accept that Winborn had established a prima facie case, he still would not prevail because he failed to establish that Supreme's asserted reason for his termination —violation of company rules—was pretextual.

When a plaintiff has established a *prima facie* case of discrimination, the burden of production then shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action.  *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002).  If the defendant is able to do so, the burden shifts back to the plaintiff to show that this reason is really a pretext for unlawful discrimination.  *Id.* at 1272-73.  The ultimate burden of proving that the employer intentionally discriminated against the employee remains at all times with the plaintiff.  *Id.* at 1273.  A plaintiff must prove pretext by a preponderance of the evidence.  *Meeks v. Computer Associates Intern.*, 15 F.3d 1013, 1019 (11th Cir. 1994).

When an employer offers an employee's violation of a work rule as the justification for termination, the employee can "prove pretext by showing either that she did not violate the work rule or that, if she did, other employees not within the protected class who engaged in similar acts were not similarly treated."  *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1563 (11th Cir. 1987).  A plaintiff must show pretext with "concrete evidence in the form of specific facts."  *Bryant v.*

5

*Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009).  Mere "conclusory allegations and assertions" will not suffice.  *Id.*  When considering whether an employee's termination based on alleged misconduct was merely a pretext, the proper inquiry is whether the employer believed that the employee was guilty of misconduct and whether that belief was the reason for the employee's discharge.  *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

The district court did not err in concluding that Winborn had failed to prove pretext.  He offered nothing beyond mere "conclusory allegations" to challenge the evidence that his supervisors believed—at the time of his termination—that he had violated company policies and contributed to a potential theft.  *See Bryant*, 575 F.3d at 1308.  Accordingly, we affirm the district court in this respect as well.

### IV.  Motion to strike

When appropriate, we will review for an abuse of discretion a district court's application of its local rules.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009).  A plaintiff bears the burden of showing the district court abused its discretion by making a clear error of judgment.  *Id.*  Issues raised for the first time on appeal that were not presented in the district court are deemed waived.  *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).

We reject Winborn's challenge to the district court's ruling on Supreme's motion to strike because Winborn filed no opposition to the motion in the district

6

court.  Moreover, even if we assume error in this regard and consider the facts as urged by Winborn, there is nothing in the record beyond "conclusory allegations" to challenge the evidence that Winborn's supervisors believed – at the time of the termination – that he had violated company policies and contributed to a potential theft.

## V.  CONCLUSION

Based upon the foregoing and our review of the record and the parties' briefs, we affirm.

**AFFIRMED.**[2]

---

[2]    Winborn's motion to file reply brief out of time is GRANTED.