[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13037
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00225-HLM

MARCUS ANDERSON,

Plaintiff-
Counter Defendant-
Appellant,

versus

BROWN INDUSTRIES,

Defendant-
Counter Claimant-
Appellee,

MARTY WALKER, et al.,

Defendants-
Counter Claimants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 8, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Marcus Anderson, proceeding *pro se* and *in forma pauperis*, appeals following the district court's denial of his post-trial motions for judgment as a matter of law, under Federal Rule of Civil Procedure 50(b), and new trial, under Federal Rule of Civil Procedure 59(a), after the jury returned a verdict in favor of Brown Industries (Brown) on Anderson's hostile work environment claims, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981.  Anderson raises several issues on appeal, which we address in turn.  After review, we affirm the district court.

## I.  DISCUSSION

### A.  *Motion to amend complaint*

Anderson first appeals the district court's denial of his untimely motion to amend his complaint to add a retaliatory hostile work environment claim.  In *Gowski v. Peake*, this Court recognized for the first time a cause of action for retaliatory hostile work environment.  682 F.3d 1299, 1311-12 (11th Cir. 2012). We noted that every other circuit had previously recognized such a claim, and that it was consistent with Title VII's text and remedial goal, congressional intent, and the Equal Employment Opportunity Commission's own interpretation of Title VII. *Id.*

A party seeking to amend his complaint, after having previously amended it as of right, may do so only with the opposing party's written consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  Rule 15 instructs that such leave should be freely given when justice so requires.  *Id.*  Where the motion for leave to amend is filed after the scheduling order's deadline for such motions, however, the party must show good cause why leave to amend should be granted.  Fed. R. Civ. P. 16(b)(4); *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007).

The district court did not abuse its discretion in denying Anderson's untimely motion for leave to amend the complaint to add a retaliatory hostile work environment claim.  *See Smith*, 487 F.3d at 1366 (reviewing the denial of a motion for leave to amend a complaint for abuse of discretion).  Anderson filed his motion approximately eight months after the scheduling order's deadline for motions to amend the pleadings, and did not provide any justification for his untimely request.  As the district court noted, *Gowski* was decided nearly six months before Anderson filed his motion for leave to amend, during which time Anderson had ample opportunity to discover and raise that issue.  *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (stating in order to satisfy Rule 16's good cause standard, the party must show diligence in pursuing his claims).  Accordingly, the district court did not abuse its discretion in denying Anderson's motion.

3

## B.  Judicial Estoppel

Anderson appeals the denial of his post-trial motions for judgment as a matter of law and new trial for several reasons.  First, Anderson contends the district court improperly applied the doctrine of judicial estoppel to bar him from asserting that Josh Cox, his alleged harasser, was not his supervisor, and that the *Faragher-Ellerth*[1] affirmative defense was therefore inapplicable.  Anderson asserts his change in position regarding Cox's supervisory status resulted from an intervening change in controlling law, namely, the Supreme Court's decision in *Vance v. Ball State University*, 133 S. Ct. 2434, 2439 (2013), which held that, for purposes of the *Faragher-Ellerth* defense, a supervisor is someone with the authority to take tangible employment actions against the plaintiff.  Additionally, Anderson asserts the necessary elements of judicial estoppel were not met.

The purpose of judicial estoppel is to protect the integrity of the judicial process by preventing parties from taking inconsistent positions according to the exigencies of the moment.  *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).  In *New Hampshire v. Maine*, the Supreme Court identified three factors that generally inform when judicial estoppel may be invoked: (1) whether the present position is

---

[1] The *Faragher-Ellerth* affirmative defense is derived from the Supreme Court's decisions in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998).

4

clearly inconsistent with the prior position; (2) whether the party persuaded the court to accept the earlier position, such that acceptance of the inconsistent position would create a perception that the court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party.  532 U.S. at 750-51.

We employ a two-factor inquiry, requiring a showing that (1) the allegedly inconsistent positions were made under oath in a prior proceeding, and (2) the inconsistencies were calculated to make a mockery of the judicial system. *Robinson*, 595 F.3d at 1273.  We have held that our two-factor approach is consistent with the principles announced in *New Hampshire v. Maine*.  *Burnes v. Pemco Aeroplex*, 291 F.3d 1282, 1285-86 (11th Cir. 2002).  To show that a party intended to make a mockery of the judicial system, we require that the contradicting positions be intentional, not merely inadvertent.  *Robinson*, 595 F.3d at 1275.

As an initial matter, we have not addressed the question of whether judicial estoppel is appropriate when the party alleges that its change in position is based on an intervening change in controlling law.  However, we need not decide that issue here because *Vance* does not constitute an intervening change in controlling law for purposes of this case.  *Vance* was decided on June 24, 2013, nine months prior to the commencement of trial in this case on March 24, 2014.  Thus, both

5

(1) Anderson's representations that Cox was his supervisor in his trial testimony and proposed jury instructions and (2) his current position that Cox was not his supervisor, post-dated the Supreme Court's decision in *Vance*. Accordingly, Anderson's change in position did not result from an intervening change in the law, and his argument that judicial estoppel was inappropriate on that basis lacks merit.

Moreover, Anderson does not prevail on his alternative argument that the necessary elements of judicial estoppel were not met. Under the Supreme Court's three-factor approach, judicial estoppel was appropriate because Anderson's position at trial was clearly inconsistent with his position in his post-trial motions, Anderson convinced the court to accept his earlier position, and Anderson would derive an unfair benefit from being allowed to contest the jury's verdict on a ground that was available to him at trial, but that he merely failed to raise. Likewise, under our two-factor inquiry, judicial estoppel was appropriate because Anderson's prior inconsistent position was made under oath, and it can be inferred from the record that Anderson's assertion of contradictory positions was intentional, rather than inadvertent. Anderson failed to raise the *Vance* issue until after the jury returned a verdict in Brown's favor, despite the fact that *Vance* was issued long before trial commenced and Anderson had raised other challenges to the applicability of the *Faragher-Ellerth* defense. Accordingly, the district court

6

did not abuse its discretion in applying judicial estoppel, and we affirm the denial of Anderson's post-trial motions on this ground. *See Burnes*, 291 F.3d at 1287 (reviewing the applicability of judicial estoppel, an equitable doctrine invoked at the court's discretion, for abuse of discretion).

## C.  Jury instructions

Anderson asserts that district court erred in concluding he waived any objection to the *Faragher-Ellerth* jury instruction because he objected to the instruction, albeit on different grounds, in his pre-deliberation motion for directed verdict.  Anderson asserts this earlier objection was sufficient to preserve his post-verdict challenge to Cox's supervisory status, and Brown was not entitled to the *Faragher-Ellerth* instruction as a matter of law because Cox was not a supervisor.

When a party fails to object to a jury instruction prior to jury deliberations, that party waives its right to challenge the instruction on appeal, unless the party made its position clear to the court previously and further objection would be futile, or it is necessary to correct a fundamental error.  *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1018 (11th Cir. 2004).

The district court correctly concluded that Anderson waived any challenge to the jury instruction regarding Cox's supervisor status because Anderson repeatedly testified that Cox was his supervisor, included a jury instruction to that effect in his proposed jury instructions, and did not object to the district court's

instruction that he alleged that Cox was his supervisor.  Accordingly, because Anderson waived any objection to the instruction regarding Cox's supervisor status, and, as discussed above, is estopped from arguing that Cox was not his supervisor, he cannot challenge the *Faragher-Ellerth* instruction on that basis.

## D.  Supervisor Status

Finally, Anderson contends that the district court erred in denying his post-trial motions because there was insufficient evidence to support a jury finding that Cox was his supervisor.  Anderson asserts that no evidence at trial showed that Cox was empowered to take tangible employment actions against him, and that the court could not rely on his testimony to support its determination that there was sufficient evidence for the jury to conclude that Cox was his supervisor.

As discussed above, the district court correctly concluded that Anderson was judicially estopped from asserting that Cox was not his supervisor and waived any challenge to the jury instruction regarding Cox's supervisory status.  Further, Anderson invited the jury to conclude that Cox was his supervisor through his testimony and proposed jury instructions, and should not now be allowed to complain that the jury may have accepted his invitation in rendering its verdict. *See Pensacola Motor Sales, Inc. v. Eastern Shore Toyota, LLC*, 684 F.3d 1211, 1231 (11th Cir. 2012) ("A party that invites an error cannot complain when its invitation is accepted.").  To permit such a challenge would essentially allow

8

Anderson to unfairly benefit from providing insufficient support for his own position at trial and punish Brown for failing to provide evidence in support of a position it never asserted.  We therefore affirm the district court's denial of Anderson's post-trial motions.  *Myers v. TooJay's Mgmt. Corp.*, 640 F.3d 1278, 1287 (11th Cir. 2011) (reviewing for abuse of discretion the denial of a motion for new trial, and reviewing *de novo* the denial of a Rule 50(b) renewed motion for judgment as a matter of law, viewing the evidence in the light most favorable to the nonmoving party).

## II.  CONCLUSION

The district court did not abuse its discretion in denying Anderson's untimely motion to amend because he failed to show good cause.  Additionally, the district court did not err in denying Anderson's post-trial motions because Anderson was estopped from challenging Cox's supervisory status.  Accordingly, we affirm.

**AFFIRMED.**