[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12408

_____

RANDY WILLIAMS,

Plaintiff-Appellant,

*versus*

GOLDEN PEANUT COMPANY, LLC,

Defendant-Appellee,

ALLEN TWIGGS, et al.,

Defendants.

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:19-cv-00667-SMD

————————————

Before LUCK, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Randy Williams sued his former employer, Golden Peanut, LLC, for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964. A magistrate judge granted summary judgment to Golden Peanut after it concluded that Williams's claims should be judicially estopped because he had represented in a bankruptcy proceeding that he had no pending claims to include in his bankruptcy estate. Now, Williams argues that the magistrate judge should not have used judicial estoppel to bar his claims, despite his inconsistent representations in the bankruptcy proceeding, because he did not have the requisite intent to "make a mockery of the judicial system."

The district court did not abuse its discretion when it applied judicial estoppel to bar Williams's Title VII claims.[1] A district court

---

[1] Generally, a grant of summary judgment is reviewed de novo, and the district court's findings of fact are reviewed for clear error. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). But, a court's application of judicial estoppel is reviewed for abuse of discretion, with the findings of facts

may apply judicial estoppel where "the plaintiff (1) took a position under oath in the bankruptcy proceeding that was inconsistent with the plaintiff's pursuit of [a] civil lawsuit and (2) intended to make a mockery of the judicial system." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc).

First, Williams can't contest that he made inconsistent representations in his bankruptcy proceeding because he forfeited that argument by failing to raise that issue in his initial brief (or even in his reply brief). *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). *See generally* Opening Br. of Appellant; Reply Br. of Appellant.

Second, the district court did not abuse its discretion when it found that Williams "intended to make a mockery of the judicial system." A court must "consider all the facts and circumstances" to determine intent. *Slater*, 871 F.3d at 1180. The court may consider whether the plaintiff amended his bankruptcy filings; whether the plaintiff had legal counsel during bankruptcy; whether the plaintiff disclosed his civil claims to his bankruptcy attorney; whether the bankruptcy court discovered the omission before discharging the case or took any action against the plaintiff; the plaintiff's level of sophistication; and whether the bankruptcy trustee or the plaintiff's creditors knew of the plaintiff's potential claim before

---

reviewed for clear error. *Id.* The abuse-of-discretion standard requires affirmance unless the district court made a clear error of judgment or applied the wrong legal standard. *Id.*

4                    Opinion of the Court                    21-12408

bankruptcy was discharged. *Id.* at 1185–86. This list is non-exhaustive and the court may consider "any fact or factor it deems relevant." *Id.* at 1185 n.9.

The magistrate judge applied the correct legal standard under *Slater* and did not clearly err when identifying and weighing the relevant factors because those findings are supported by the record. The magistrate judge appropriately concluded that: (1) Williams's knowledge that he could have amended his bankruptcy filings, (2) the fact that Williams was counseled, and (3) the fact that the bankruptcy court, Williams's creditors, and his trustee never found out about his Title VII claims, taken together, outweighed (4) Williams's lack of sophistication. Reviewing the factors, we hold that the magistrate judge's determination that Williams intended to make a mockery of the judicial system was reasonable and within the magistrate judge's discretion. Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2] This case was originally scheduled for oral argument, but under 11th Cir. R. 34–3(f) it was removed from the oral argument calendar by unanimous consent of the panel.